NOT DESIGNATED FOR PUBLICATION

No. 116,516

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHARLES DENMARK-WAGNER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Pratt District Court; FRANCIS E. MEISENHEIMER, judge. Opinion filed September 15, 2017. Affirmed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Clay A. Kuhns* and *Gaten T. Wood*, special prosecutors, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., PIERRON and BRUNS, JJ.

PER CURIAM: Charles Denmark-Wagner filed a K.S.A. 60-1507 motion and argued his defense counsel was ineffective for (1) failure to move for suppression of evidence; (2) failure to object and to argue involuntariness of petitioner's plea based on the influence of drugs; (3) failure to investigate a defense or evidence and to properly impeach his codefendant; and (4) his plea was involuntary and coerced, and he was misled by defense counsel. After an evidentiary hearing on whether he was misled by defense counsel, the district court denied his motion.

1

Denmark-Wagner appeals and argues the district court erred when it summarily denied the claims raised in his K.S.A. 60-1507 motion, and the district court's conclusion following the evidentiary hearing was not supported by substantial competent evidence. However, Denmark-Wagner failed to set forth any evidence to demonstrate he was entitled to an evidentiary hearing. Further, the district court's decision to deny Denmark-Wagner's motion was based on substantial competent evidence and was supported by the court's legal conclusion that his counsel was not ineffective.

The background facts were set forth by the Kansas Supreme Court in *State v. Denmark-Wagner*, 292 Kan. 870, 258 P.3d 960 (2011). In November 2008, Alesia Dorris-Graham was murdered in her home in Pratt County. Denmark-Wagner and codefendant Daniel Riendeau had gone to Dorris-Graham's home to buy prescription drugs from her. When she refused to sell the drugs to them, they took the drugs by force, and Riendeau stabbed her to death.

Denmark-Wagner was charged with four counts: Count 1—felony first degree murder; Count 2—aggravated robbery; Count 3—aggravated burglary; Count 4—attempted possession of narcotic drugs. Denmark-Wagner entered into a written plea agreement on February 25, 2009. He pled guilty to Count 1 and the State dismissed Counts 2, 3, and 4. The plea agreement stated that he understood that "'the mandatory sentence for Count [1] is life in prison and that I will be sentenced to life in prison.'" 292 Kan. at 872. Denmark-Wagner acknowledged that "'I understand that if I enter a plea of guilty this court must impose a life sentence against me.'" 292 Kan. at 872. He also signed the following statement:

> "'After fully discussing my potential defenses to the charges in this case, the legal options
> available to me in these proceedings, and the above-mentioned matters with my attorney,
> I advise this court that I understand it is my decision, alone, whether to accept or reject
> the plea agreement and whether to enter a plea of guilty to the charge(s) herein. My

2

decision to accept the plea agreement and change my plea is completely voluntary without anyone having threatened me or promised me anything of benefit, and it is without duress or coercion other than that which the plea agreement provides.'" 292 Kan. at 872.

In the plea agreement, Denmark-Wagner stated the only drug or medication he had taken during the previous 48 hours was trazadone and affirmed the drug did not impair his mental faculties or judgment. At the plea hearing, he stated he understood his rights. When the district court asked him if he was entering the plea because he was in fact guilty of the crime, Denmark-Wagner asked if he could speak with his counsel. After he spoke with counsel, he told the court he was entering the plea because he was in fact guilty of the crime.

On March 9, 2009, before sentencing, Denmark-Wagner moved to withdraw his plea. He argued his plea had not been entered into voluntarily because he entered the plea as a result of pressure by his family and the plea had not been entered into intelligently because he did not understand the possible sentence that he would receive.

At the hearing on his motion, Denmark-Wagner testified that his mother and sister pressured him to accept the plea. He also testified he did not understand the possible sentence and believed he would be released from prison in 20 years, not that he would be eligible for parole in 20 years. The district court stated the suggestion that his family pressured him to accept a plea because they could hug him sooner did not constitute grounds to withdraw the plea. The court further stated the plea agreement nowhere suggested Denmark-Wagner would not serve more than 20 years of a life sentence. The court denied the motion and sentenced Denmark-Wagner to life in prison with a minimum sentence of 20 years. Denmark-Wagner appealed the denial of his motion to withdraw his guilty plea and challenged his sentence to lifetime postrelease and that he register as a violent offender for life.

3

The *Denmark-Wagner* court determined that based on the record, the district court did not abuse its discretion when it found Denmark-Wagner understood his plea and sentence and, therefore, refused to allow the withdrawal of his plea as unknowingly or unintelligently made. 292 Kan. at 880. In addition, the court found Denmark-Wagner should have been sentenced to register as an offender for a period of 10 years, not life. 292 Kan. at 884. It vacated the sentence and remanded for resentencing to the correct offender registration period. 292 Kan. at 884.

Denmark-Wagner filed his pro se K.S.A. 60-1507 petition on February 3, 2012. He argued his defense counsel was ineffective for (1) failure to move for suppression of evidence; (2) failure to object and to argue involuntariness of petitioner's plea based on the influence of drugs; (3) failure to investigate a defense or evidence and to properly impeach his codefendant; and (4) his plea was involuntary and coerced, and he was misled by defense counsel. Then, on May 23, 2012, he filed an amended petition with the assistance of counsel. In this petition, Denmark-Wagner argued he was on trazodone at the time of his arraignment and did not understand the consequences of pleading to the charges. He also stated his plea was not voluntary because he was coerced and his counsel misled him. Further, he claimed he was threatened by his codefendant.

An evidentiary hearing was held on October 17, 2013. At the hearing, the district court stated it was denying all of Denmark-Wagner's claims, with the exception of the claim of ineffective assistance of counsel based on being misled regarding the possible penalties of the case. As to the other claims, the court stated there was nothing in the memorandum which indicated there was any specific basis in which suppression of the evidence would have been reasonable or successful. As to the claim regarding ineffective assistance of counsel for failure to object and argue the voluntariness of his plea, the court stated Denmark-Wagner gave a statement in the original case which said his codefendant was at fault, which is the exact opposite reaction an individual would have if

4

he was subject to coercion or threats. For the ineffective assistance of counsel claim for failure to investigate a defense, the court stated the claim was based only on bald allegations.

The district court filed its memorandum opinion on July 7, 2016. The court stated it granted Denmark-Wagner's request for an evidentiary hearing on whether counsel misled or misadvised him as to the possible penalties he faced after trial or after his guilty plea. At trial, it was clear that both Denmark-Wagner and his trial counsel agreed that he was never charged with capital murder. The court also stated Denmark-Wagner's credibility was impaired by his inconsistent testimony regarding the plea bargaining. Further, Denmark-Wagner signed the acknowledgement of rights and entry of plea, which indicated the mandatory sentence for Count 1 was life in prison and that he would be sentenced to life in prison. The court stated his testimony stating he thought he would get the death penalty was not believable. The court found no credible evidence to support any of the claims.

Denmark-Wagner timely appealed. On appeal, he argues the district court erred when it summarily denied the claims raised in his K.S.A. 60-1507 motion and the district court's conclusion following the evidentiary hearing was not supported by substantial competent evidence.

*Did the District Court Err When It Summarily Dismissed Claims in the K.S.A. 60-1507 Motion?*

In order to be granted relief under K.S.A. 60-1507, Denmark-Wagner must establish by a preponderance of the evidence one of the following: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 60-1507(b).

5

A district court has three options when handling a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing. [Citations omitted.]'" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

The standard of review depends upon which of these options a district court uses. 300 Kan. at 881. When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. 300 Kan. at 881.

To avoid a summary denial of a K.S.A. 60-1507 motion, Denmark-Wagner bears the burden of establishing that he is entitled to an evidentiary hearing. This burden requires that Denmark-Wagner's assertions be more than conclusory statements. He must either set forth an evidentiary basis to support the assertions or the basis must be evident from the record. 300 Kan. at 881 (quoting *Holmes v. State*, 292 Kan. 271, 274, 252 P.3d 573 [2011]).

Here, Denmark-Wagner first argues he presented a "colorable claim for relief due to the ineffective assistance of his trial counsel" regarding the impact trazodone had on him during the plea negotiations and at the plea hearing. He signed the plea agreement, which stated that his decision to accept the plea agreement was voluntary. Further, in the plea agreement he stated the only drug he had taken in the previous 48 hours was

trazadone and affirmed the drug did not impair his mental faculties or judgment. Based on his signing this statement, and his statement in court that he understood his rights, his counsel had no way of knowing he experienced any negative effects from the drug. Based on the evidence and Denmark-Wagner's failure to set forth an evidentiary basis to support his claim that he suffered negative effects from trazodone, the district court was correct to summarily deny this claim.

Denmark-Wagner then argues he entered his guilty plea because he received threats from his codefendant and his counsel was ineffective, as she was aware of these threats but still allowed him to enter a guilty plea. However, Denmark-Wagner gave a statement in the case which said his codefendant was at fault. As the district court surmised, this is the exact opposite reaction an individual would have if he was subject to coercion or threats, as Denmark-Wagner acted in his own interest. While Denmark-Wagner states these threats were made, he provides no evidence that he was under coercion or that counsel knew of these threats. Because Denmark-Wagner provided only a conclusory statement that he was threatened and failed to bring forth any evidence, the district court was correct to summarily deny this claim.

Denmark-Wagner's final ineffective assistance of counsel claim that was summarily denied alleges his counsel failed to complete a thorough investigation of his case. He states his counsel improperly waived his right to a preliminary hearing, failed to investigate the impact of the threats made by his codefendant, and failed to investigate the effects of trazodone. Denmark-Wagner fails to include any evidence that would have been discovered if counsel had completed a more thorough investigation. He merely states an investigation would have revealed facts discrediting conflicting statements of his codefendant and would have shown he was not involved in the crime.

Further, Denmark-Wagner waived his right to a preliminary hearing after a discussion on the record. Again, because Denmark-Wagner did not set forth evidence to support his assertions, the district court was correct to summarily deny this claim.

After reviewing the records in this case, it is clear that Denmark-Wagner failed to show that he is entitled to an evidentiary hearing on the above issues. Because he failed to overcome his burden, the district court is affirmed.

*Were the District Court's Conclusions Following the Evidentiary Hearing Supported by Substantial Competent Evidence?*

After a full evidentiary hearing on a K.S.A. 60-1507 motion, the district court is required to issue findings of fact and conclusions of law regarding all issues presented at the hearing. Supreme Court Rule 183(j) (2017 Kan. S. Ct. R. 222). An appellate court reviews the court's findings of fact to determine whether they are supported by substantial competent evidence and whether they are sufficient to support the conclusions of law. Appellate review of the court's conclusions of law is de novo. *State v. Adams*, 297 Kan. 665, 669, 304 P.3d 311 (2013).

A claim alleging ineffective assistance of counsel presents a mixed question of law and fact. When an evidentiary hearing is conducted on these claims, the appellate court determines whether the district court findings are supported by substantial competent evidence and whether the factual findings support the court's legal conclusions. A de novo standard is applied to the district court's conclusions of law. *Fuller v. State*, 303 Kan. 478, 485, 363 P.3d 373 (2015). Substantial competent evidence is evidence that possesses both relevance and substance and that furnishes a basis of fact from which the issues reasonably can be resolved. *State v. Brown*, 300 Kan. 542, 546, 331 P.3d 781 (2014).

Denmark-Wagner argues the district court's denial of his claims—his counsel was ineffective because she misinformed him about the death penalty and he was inaccurately told that by accepting the plea agreement he would be released from prison after 20 years—was not supported by substantial competent evidence.

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales*, 300 Kan. at 882 (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]).

Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). To establish prejudice, the defendant must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different, with a reasonable probability meaning a probability sufficient to undermine confidence in the outcome. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015).

If counsel has made a strategic decision after making a thorough investigation of the law and the facts relevant to the realistically available options, then counsel's decision is virtually unchallengeable. Strategic decisions made after a less than comprehensive investigation are reasonable exactly to the extent a reasonable professional judgment supports the limitations on the investigation. *State v. Cheatham*, 296 Kan. 417, 437, 292 P.3d 318 (2013) (citing *Strickland*, 466 U.S. at 690-91).

9

At the evidentiary hearing, Denmark-Wagner stated several times that his counsel advised him he would receive the death penalty if he went to trial. He stated he would not have taken a plea if he had known the death penalty was not on the table. He was allegedly under the impression that he would get out of prison after 20 years. However, at the plea hearing the district court read the penalty for murder which was life in prison, and Denmark-Wagner stated he understood the consequences. He had received a letter from his counsel stating that the controlling sentence for murder was life in prison, and he would be required to serve 20 years before he would be eligible for parole. His counsel testified at the evidentiary hearing and stated the death penalty was never on the table because Denmark-Wagner was not charged with capital murder.

The record demonstrates the inconsistency in Denmark-Wagner's testimony and the evidence presented. The record on appeal does not support his contention that counsel was ineffective based on his being misled regarding the possible penalties of the case. Under the totality of the circumstances, he did not demonstrate that his counsel was deficient in her representation. Therefore, he cannot establish prejudice. See *Sola-Morales*, 300 Kan. at 882. The district court's decision to deny Denmark-Wagner's K.S.A. 60-1507 motion was based on substantial competent evidence and supported the court's legal conclusion that his counsel was not ineffective. The district court is affirmed.

Affirmed.